UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EVELYN CAMMARANO,**<br><br>                              Plaintiff,<br>     -vs-<br><br>**CREDIT MANAGEMENT SOLUTIONS, LLC,**<br><br>                              Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Evelyn Cammarano brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Evelyn Cammarano is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Credit Management Solutions, LLC, (hereinafter "CMS") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## **FACTUAL ALLEGATIONS**

8. That Plaintiff Cammarano allegedly incurred and later allegedly defaulted on a debt to HSBC. Said alleged debt will hereinafter be referred to as "the subject debt."
9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.
10. That upon information and belief, Defendant was either employed by HSBC following Plaintiff's alleged default, or thereafter purchased the alleged account in order to attempt to collect payment on the subject debt.
11. That shortly thereafter Defendant CMS began calling Plaintiff Cammarano to attempt to collect the subject debt.
12. That during the course of Defendant's telephone calls with Plaintiff Evelyn Cammarano, representatives for CMS:
    a. Told Plaintiff that Defendant was a "mediator" for an attorney's office that was in the process of suing her;
    b. Told Plaintiff that she allegedly defaulted on the subject debt in 2005;
    c. Threatened that Defendant would have a Police Officer come to Plaintiff's house that Friday to serve her court papers;
    d. Told her that once Defendant took her to Court, the Court would take Plaintiff's food stamps from her, because "food stamps are a privilege, not a right";
    e. Threatened that Defendant could suspend Plaintiff's driver's license if she did not agree to pay or settle the subject debt; and
    f. Threatened that Plaintiff only had three (3) choices:
        i. To pay $500.00 all at once,
        ii. Go to Court and pay $4,000.00 or more, or
        iii. Agree to pay Defendant CMS $1,000.00 over the course of a year.
13. That all of the aforementioned threats and/or representations were either false, deceptive and/or abusive, and caused Plaintiff Cammarano emotional distress.
14. That during subsequent communications with Plaintiff Cammarano, Defendant CMS:

    a. Told Plaintiff that she defaulted on the subject debt in 2009;

    b. Accused Plaintiff of being a "liar" when she disputed the subject debt and requested proof that she owed the bill;

    c. Told Plaintiff Cammarano that she was being sued in Court for somewhere in the vicinity of $3,000.00 or more;

    d. Told Plaintiff that HSBC was suing her and requested her "case number" to look up her account with CMS;

    e. Told Plaintiff that "the bank" doesn't have to "prove anything" to her because they were suing her; and

    f. Threatened that they would access Plaintiff's bank account to determine how she spends her disability benefits and to determine how much of said benefits Defendant CMS could take to apply towards the subject debt.

15. That Defendant CMS repeatedly failed to provide Plaintiff Cammarano with disclosures required by 15 U.S.C. §1692e(11) during the parties' shared telephone calls.

16. That Defendant CMS repeatedly failed to provide Plaintiff Cammarano with meaningful disclosure of Defendant's identity when placing telephone calls to Plaintiff.

17. That Defendant CMS failed to provide Plaintiff Cammarano with a written notice of the subject debt and her rights as a "consumer," as required by 15 U.S.C. §1692g(a).

18. That as a result of Defendant's repeated abusive and false threats and other unlawful conduct, Plaintiff Evelyn Cammarano became very frightened, upset, worried, nervous, anxious and otherwise suffered from emotional distress.

## CAUSE OF ACTION

19. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

20. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer, by:

    a. Told Plaintiff that Defendant was a "mediator" for an attorney's office that was in the process of suing her;

    b. Threatened that Defendant would have a Police Officer come to Plaintiff's house that Friday to serve her court papers;

    c. Told her that once Defendant took her to Court, the Court would take Plaintiff's food stamps from her, because "food stamps are a privilege, not a right";

    d. Threatened that Defendant could suspend Plaintiff's driver's license if she did not agree to pay or settle the subject debt;

    e. Threatened that Plaintiff only had three (3) choices:

        i. To pay $500.00 all at once,

        ii. Go to Court and pay $4,000.00 or more, or

        iii. Agree to pay Defendant CMS $1,000.00 over the course of a year.

    f. Accused Plaintiff of being a "liar" when she disputed the subject debt and requested proof that she owed the bill;

    g. Told Plaintiff Cammarano that she was being sued in Court for somewhere in the vicinity of $3,000.00 or more;

    h. Told Plaintiff that HSBC was suing her and requested her "case number" to look up her account with CMS;

    i. Told Plaintiff that "the bank" doesn't have to "prove anything" to her because they were suing her; and

    j. Threatened that they would access Plaintiff's bank account to determine how she spends her disability benefits and to determine how much of said benefits Defendant CMS could take to apply towards the subject debt.

21. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by failing to provide Plaintiff Cammarano with a written notice of the subject debt and her rights as a "consumer," within five (5) days after the parties' initial communication.

22. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10), by:

    a. Told Plaintiff that Defendant was a "mediator" for an attorney's office that was in the process of suing her;

    b. Told Plaintiff that she allegedly defaulted on the subject debt in 2005, but then later told Plaintiff that she allegedly defaulted in the subject debt in 2009;

    c. Threatened that Defendant would have a Police Officer come to Plaintiff's house that Friday to serve her court papers;

    d. Told her that once Defendant took her to Court, the Court would take Plaintiff's food stamps from her, because "food stamps are a privilege, not a right";

    e. Threatened that Defendant could suspend Plaintiff's driver's license if she did not agree to pay or settle the subject debt;

    f. Threatened that Plaintiff only had three (3) choices:

4

    i. To pay $500.00 all at once,

    ii. Go to Court and pay $4,000.00 or more, or

    iii. Agree to pay Defendant CMS $1,000.00 over the course of a year.

  g. Accused Plaintiff of being a "liar" when she disputed the subject debt and requested proof that she owed the bill;

  h. Told Plaintiff Cammarano that she was being sued in Court for somewhere in the vicinity of $3,000.00 or more;

  i. Told Plaintiff that HSBC was suing her and requested her "case number" to look up her account with CMS;

  j. Told Plaintiff that "the bank" doesn't have to "prove anything" to her because they were suing her; and

  k. Threatened that they would access Plaintiff's bank account to determine how she spends her disability benefits and to determine how much of said benefits Defendant CMS could take to apply towards the subject debt.

23. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to disclose to Plaintiff Cammarano in the parties' initial communication that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose, and by failing to disclose in subsequent communications with Plaintiff that the Defendant's communications were from a debt collector.

24. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect an amount that they were not authorized by law or agreement to collect.

25. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Evelyn Cammarano suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court enter judgment against the Defendant for:

 (a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

 (b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

 (c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Date: April 23, 2012

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham & Borgese, LLP
*Attorneys for the Plaintiff*
482 Delaware Ave.
Buffalo, New York 14202
frank@gbdebthelp.com
716.200.1520